**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STARWOOD CERUZZI LLC, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> INLAND REAL ESTATE : <br> ACQUISITIONS, INC., et al., : <br> : <br> Defendants. : | CIVIL ACTION NO. 09-1588 (MLC) <br> <br> **O R D E R** |

**THE PLAINTIFFS**, Starwood Ceruzzi LLC ("SCL") and Starwood Ceruzzi Philipsburg LLC ("SCP"), bringing this action against the defendants, Inland Real Estate Acquisitions, Inc. ("IRE") and Inland Western Retail Real Estate Trust, Inc. ("IWR"), on February 23, 2009, in New Jersey state court for breach of a purchase agreement ("Agreement") concerning certain properties ("Properties") (dkt. entry no. 1, Compl.); and the defendants removing the action under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 1, Rmv. Not.), see 28 U.S.C. § 1446; and the Court examining jurisdiction sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that (1) IRE is deemed to be an Illinois citizen, and (2) IWR is deemed to be a citizen of Maryland and Illinois (Rmv. Not. at 3), see 28 U.S.C. § 1332(c)(1); and the defendants merely alleging that the plaintiffs are Delaware limited liability companies with Connecticut addresses, but acknowledging that they have failed — despite undertaking diligent efforts — to ascertain

the citizenship of the plaintiffs' members (id. at 2-3); and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, 540 F.3d 179, 182 (3d Cir. 2008); and it appearing that the citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003); Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003); and

**THE COURT** being prevented from discerning whether each defendant is deemed to be a citizen of a different state in relation to each plaintiff, see 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus intending to order the plaintiffs to provide the Court with the names and citizenship information of each member of both SCL and SCP as they existed on February 23, 2009, including non-managing and non-individual members; and the Court directing the plaintiffs to

refrain from asserting confidentiality for any membership layer, see Belleville, 350 F.3d at 693 (stating such details cannot be kept confidential from the judiciary); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); and the Court advising the parties that if any member of the plaintiffs is deemed to be a citizen of Illinois or Maryland, then the Court will remand the action immediately; and

**THE PLAINTIFFS** being cautioned against merely restating the allegations from the Notice of Removal or the Complaint; and the Court advising the plaintiffs that a response as to where any individual member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will be unacceptable, see Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and the Court advising the plaintiffs that responses based upon information and belief, or assertions that are not specific (e.g., "no member is a citizen of Illinois or Maryland") will be unacceptable, see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship to be

alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"); and

**THE COURT** advising the plaintiffs that if they do not properly and accurately provide names and citizenship information in full, then the Court will dismiss the Complaint with prejudice for failure to comply with a court order, see Fed.R.Civ.P. 37(b), 41(b); and it appearing that such a sanction, which is the equivalent of a final adjudication on the merits, will be merited if the plaintiffs interfere with the Court's ability to determine jurisdiction, see Wonders Trust v. Deaton, Inc., 200 F.R.D. 473, 480 (M.D. Fla. 2000) (dismissing complaint for plaintiff's willful failure to respond to Court's jurisdictional inquiry, as plaintiff "should not be permitted, through recalcitrance, to prevent this Court from determining its own subject-matter jurisdiction"); and for good cause appearing;[1]

---

[1] At least one of the Properties is located in Greenwich Township, Warren County, New Jersey. (See dkt. entry no. 1-3, Documents at 25-28.)  But if jurisdiction is demonstrated, then the Court may sua sponte raise the issue of venue, or the defendants may move to transfer venue, under Sections 1404 and 1406. (See id. at 21-24, 29-40 (describing Properties located in, among other states, New York and Connecticut); dkt. entry no. 1-4, Agreement at 15 (stating plaintiffs maintain documents in Connecticut and New York City); id. at 24-25 (stating Agreement governed by New York law and disputes thereunder to be litigated in New York courts).)

**IT IS THEREFORE** on this 7th day of April, 2009, **ORDERED** that the plaintiffs will provide the Court with their citizenship information, as directed above, by 5 P.M. on April 28, 2009; and

**IT IS FURTHER ORDERED** that if the plaintiffs fail to comply with this Order, then the Complaint will be dismissed with prejudice on April 29, 2009, or soon thereafter.

                                          s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge