**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STARWOOD CERUZZI LLC, et al., | : | CIVIL ACTION NO. 09-1588 (MLC) |
| Plaintiffs, | : | **O R D E R** |
| v. | : | |
| INLAND REAL ESTATE ACQUISITIONS, INC., et al., | : | |
| Defendants. | : | |

**THE DEFENDANTS** — Inland Real Estate Acquisitions, Inc. ("IRE"), which is deemed to be an Illinois citizen, and Inland Western Retail Real Estate Trust, Inc. ("IWR"), which is deemed to be a citizen of Maryland and Illinois — removed the action from state court under 28 U.S.C. § 1332. (Dkt. entry no. 1, Rmv. Not. & Compl.)

**THE COURT**, citing the relevant case law and noting the defendants' efforts to ascertain whether jurisdiction existed, ordered the plaintiffs — Starwood Ceruzzi LLC ("SCL") and Starwood Ceruzzi Philipsburg LLC ("SCP"), which are both limited liability companies — to provide their citizenship as it existed on February 23, 2009 ("April Order"). (Dkt. entry no. 5, 4-9-09 Order.) The Court cited, among other cases, <u>Emerald Investors Trust v. Gaunt Parsippany Partners</u>, 492 F.3d 192 (3d Cir. 2007) (<u>id.</u> at 3), which (1) the Court assumed that the plaintiffs' counsel would review, and (2) states that the citizenship of a trust is determined by "look[ing] to the citizenship of both the trustee and the

beneficiary in all cases". <u>Emerald</u>, 492 F.3d at 203; <u>see</u> <u>id.</u> at 205 (stating "citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust").

**THE COURT** also advised the parties that the action would be remanded if a plaintiff were deemed to be a citizen of, among other states, Illinois or Maryland, which the Court assumed would lead the parties to understand that no substantive issues would be addressed until the jurisdictional issues had been addressed. (<u>See</u> 4-9-09 Order at 3.)

**SCL AND SCP** allege in response — without more — that their membership layers contain "Starwood Retail Trust II, a Maryland real estate investment trust, with a principal place of business located in . . . Maryland, and Starwood Opportunity Trust, a Maryland real estate investment trust, with a principal place of business located in . . . Connecticut" ("Member Trusts"). (Dkt. entry no. 10, Pl. Resp. at 2.) The plaintiffs' counsel failed to properly review the April Order and the holding in <u>Emerald</u>, as the plaintiffs' counsel has not properly alleged the citizenship of the Member Trusts, and thus has not properly alleged the plaintiffs' citizenship. This fault was pointed out by the defendants. (<u>See</u> dkt. entry no. 11, Def. Resp. at 1-2.) The plaintiffs' counsel has taken no steps to correct it.

**THE DEFENDANTS** have separately moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint. (<u>See</u> dkt.

entry no. 13, IWR Mot.; dkt. entry no. 14, IRE Mot.)  They have done so, even though (1) the Court's jurisdiction here has yet to be demonstrated, and (2) the plaintiffs may be deemed to be citizens of, among other states, Maryland.[1]

**THE PLAINTIFFS ARE AT RISK** of having the Complaint dismissed with prejudice.  (See 4-9-09 Order at 4.)  See Fed.R.Civ.P. 37(b), 41(b).  The Court, in the interests of justice, will provide the plaintiffs one more opportunity to respond in a manner befitting parties represented by counsel.  The plaintiffs will properly (1) review the entire April Order, (2) analyze the citizenship of the Member Trusts, and thus of the plaintiffs, as it specifically existed on February 23, 2009, and (3) respond by September 29, 2009, or the Court will dismiss the Complaint.  The plaintiffs will be granted no further enlargements of time to respond.[2]  For good cause appearing:

---

[1] It does not appear that the parties clarify whether the Court has jurisdiction in the voluminous papers filed in support of and in opposition to the separate motions.

[2] No enlargements will be granted due to: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this Order was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this Order.  These dates have been set accordingly. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 317-20 (3d Cir. 2006) (noting district court, in sua sponte jurisdiction inquiry, provided party only seven days to respond).

**IT IS THEREFORE** on this     8th     day of September, 2009, **ORDERED** that the plaintiffs will provide the Court with their citizenship information **BY 5 P.M. ON SEPTEMBER 29, 2009**; and

**IT IS FURTHER ORDERED** that if the plaintiffs fail to comply with this Order, then **THE COMPLAINT WILL BE DISMISSED WITH PREJUDICE ON SEPTEMBER 30, 2009,** or soon thereafter; and

**IT IS FURTHER ORDERED** that the defendants' separate motions to dismiss the Complaint (dkt. entry no. 13; dkt. entry no. 14) are **DENIED WITHOUT PREJUDICE,** and with leave to the defendants to move again — upon new notices of motion and in accordance with the Local Civil Rules and the Federal Rules of Civil Procedure — after the jurisdictional issues have been resolved.


          s/ Mary L. Cooper          
**MARY L. COOPER**
United States District Judge